IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BLAYR H.,[1]

    Plaintiff,

v.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

No. 3:18-cv-00185-MO

OPINION AND ORDER

**MOSMAN, J.,**

Blayr H. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits (DIB) under Title II of the Social Security Act ("the Act") and Supplemental Security Income (SSI) under Title XVI of the Act. For the reasons set forth below, the decision of the Commissioner is REVERSED and this case is REMANDED for further proceedings.

## BACKGROUND

A. <u>Procedural History</u>

Plaintiff filed an application for DIB on August 31, 2015, and an application for SSI on

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the adult nongovernmental party in this case.

1 – OPINION AND ORDER

November 13, 2015. Tr. 14. Plaintiff alleges a disability onset date of August 31, 2015, for both claims. *Id.* An administrative hearing was held on February 3, 2017, before an administrative law judge (ALJ). Tr. 33. Plaintiff was represented by counsel at the hearing. *Id.* Plaintiff, Plaintiff's grandmother, and a vocational expert testified at the hearing. Tr. 25, 34. The ALJ then issued an opinion finding that Plaintiff was not disabled. Tr. 27. Plaintiff timely requested review by the Appeals Council, which denied Plaintiff's request for review on December 15, 2017. Tr. 1. The Appeals Council's denial made the ALJ's determination that Plaintiff was not disabled the final decision of the Commissioner. *Id.* Plaintiff then timely filed this action challenging the Commissioner's decision.

B. The ALJ's Findings

The ALJ made her decision based upon the five-step sequential evaluation process established by the Secretary of Health and Human Services. *See Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520. At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *Tackett*, 180 F.3d at 1098.

At the first step of the five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 16.

At the second step, the ALJ found that Plaintiff had the following severe impairments: depression, anxiety, neurocognitive disorder, somatoform disorder, and multiple sclerosis (MS). *Id.*

At the third step, the ALJ found that none of Plaintiff's impairments was the equivalent of any of the impairments enumerated in 20 C.F.R. § 404, Subpt. P, App. 1. Tr. 21. The ALJ therefore conducted an assessment of Plaintiff's residual functional capacity (RFC). Specifically, the ALJ found that Plaintiff had the RFC to perform:

light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no exposure to extreme heat, or hazards, such as moving mechanical parts, or unprotected heights or operating a motor vehicle; no job with reasoning level above two; limited to perform simple and routine tasks; limited to simple work related decisions; and limited to occasional interaction with the public; and only frequent bilateral handling, fingering and feeling.

Tr. 18. In reaching this finding, the ALJ considered Plaintiff's symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. Tr. 19–26. The ALJ also considered opinion evidence. *Id.*

At fourth step, the ALJ found that Plaintiff was not able to perform her past relevant work as either a customer service call center worker or as a teller. Tr. 26.

Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined at fifth step that there were jobs existing in significant numbers in the national and local economy that Plaintiff could perform. Tr. 26–27. These jobs included including price marker, office helper, and small product assembler. Tr. 27.

C. Remand Appropriate

The parties agree that the ALJ erred in evaluating medical evidence supporting Plaintiff's claim of disability. Pl.'s Br. [13] at 8; Def.'s Br. [16] at 3. The only issue that I must decide is whether benefits should be awarded immediately upon remand or whether further proceedings are warranted. Because I am not convinced that the record has been fully developed, this case is remanded to the Commissioner for further proceedings.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court "shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Whether to remand for further proceedings is a decision that is based on the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). A remand for an award of benefits is appropriate "only in 'rare

3 – OPINION AND ORDER

circumstances' where no useful purpose would be served by further administrative proceedings and the record has been fully developed." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir.2012); *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004)). Whether to deviate from the ordinary rule that a case should be remanded to the Commissioner for further proceedings is a decision that is within the discretion of the Court. *Id.*

## DISCUSSION

### A. The ALJ's Error

Plaintiff highlights several ways in which the ALJ erred in weighing and rejecting medical evidence. In determining whether remand is appropriate, it is necessary to review only one of Plaintiff's assignments of error. Plaintiff was treated by Dr. Waichunas, who stated on June 13, 2015, that Plaintiff would miss four days of work per month due to illness and another four days per month to attend medical appointments. Tr. 422. The ALJ discounted Dr. Waichunas's opinion because it lacked any "diagnoses or laboratory studies to support her limitations" and was "fairly tenuous about the length of time that the limitations would apply." Tr. 22. Dr. Waichunas did, however, make specific diagnoses of lower back pain, chest pain, abdominal pain, sacroiliac joint pain, and sciatica. Tr. 354, 366. As conceded by the Commissioner, the ALJ erred in discounting Dr. Waichunas's opinion. This error was not harmless because, if credited as true, Dr. Waichunas's opinion would support Plaintiff's claim that she was disabled. The Commissioner's decision must therefore be reversed and remanded.

### B. Remand for Further Proceedings

Although the Commissioner concedes that the ALJ erred in evaluating the medical evidence, the parties disagree about the utility of further administrative proceedings. Plaintiff

argues that further proceedings are unnecessary because Dr. Waichunas's opinion that Plaintiff would miss as many as eight days of work each month should be credited as true. Pl.'s Br. [17] at 2. But this argument ignores an important point: Dr. Waichunas is a naturopathic doctor. The ALJ and the Commissioner incorrectly referred to Dr. Waichunas as a medical doctor. *Compare* Tr. 22, *with* Tr. 424. This is important because a naturopathic doctor is not considered an "acceptable medical source" under the DIB and SSI regulations. 20 C.F.R. §§ 404.1502(a), 416.902(a); *cf.* 82 Fed. Reg. 5844 (Jan. 18, 2107) (implementing new definitions related to acceptable medical sources for claims filed after March 27, 2017).

Only an acceptable medical source can provide a medical opinion. SSR 06-03p, 2006 WL 2329939, at *2; *see* 20 C.F.R. §§ 404.1527(a), 416.927(a). Although there is evidence from acceptable medical sources showing that Plaintiff had disabling symptoms, these opinions are dated after Plaintiff's date of alleged onset. *See* Pl.'s Br. [17] at 2. While later diagnoses do not foreclose the possibility that Plaintiff was disabled on August 31, 2015, the date when an impairment became disabling "must have a legitimate medical basis." SSR 83-20, 1983 WL 31249, at *3. At a minimum, further proceedings would be useful to establish a legitimate medical basis for the date of Plaintiff's alleged disability. Therefore, remand for further proceedings is appropriate.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is REVERSED and this case is REMANDED for further proceedings. In accordance with the Commissioner's motion, upon remand the ALJ shall: (1) update the record and offer Plaintiff the opportunity for a hearing; (2) if necessary, obtain medical expert testimony to review the updated record and aid in the assessment of Plaintiff's functional limitations and, if applicable, the onset date of disability;

(3) re-assess the medical evidence, Plaintiff's subjective complaints, and Plaintiff's residual functional capacity; (4) continue the sequential evaluation as appropriate; and (5) take further action to complete the administrative record resolving the issues raised by Plaintiff's Complaint and issue a new decision.

IT IS SO ORDERED.

DATED this 30 day of April, 2019.

/s/ MWMosman
MICHAEL W. MOSMAN
Chief United States District Judge