IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BLAYR JUSTINE HICKS**, | Case No. 3:18-cv-00185-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ANDREW SAUL, Commissioner of Social Security**,[1] | |
| Defendant. | |

Nancy J. Meserow, Law Office of Nancy J. Meserow, 7540 SW 51st Avenue, Portland, OR 97219. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, OR 97204-2936; Heather L. Griffith, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Plaintiff moves for an award of attorney's fees, expenses, and costs under the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 23. Defendant objects, arguing that the

---

[1] Under Fed. R. Civ. P. 25(d), Commissioner Saul is automatically substituted as a party in this case.

fees requested are unreasonable and should be reduced accordingly. ECF 25. For the reasons below, this Court grants Plaintiff's motion in part.

## BACKGROUND

On March 31, 2017, an administrative law judge ("ALJ") for the Social Security Administration found that Plaintiff was not disabled during the relevant time period and denied her application for Disability Insurance Benefits and Supplemental Security Income. AR 14–28. The Appeals Council denied review of the ALJ's decision. AR 1. Plaintiff timely filed a complaint for judicial review of the Commissioner's decision. ECF 1.

Plaintiff filed her Opening Brief on September 7, 2018. ECF 13. In its response, Defendant conceded error by the ALJ and moved to remand the case for further proceedings under sentence four of 42 U.S.C. § 405(g). ECF 16 at 2. Plaintiff argued in reply that the court should instead remand for payment of benefits under the Ninth Circuit's credit-as-true doctrine. ECF 17; *see generally Garrison v. Colvin*, 759 F.3d 995, 1019–21 (9th Cir. 2014) (explaining the doctrine). Because Plaintiff sought to credit the testimony of a non-medical doctor, Chief Judge Michael W. Mosman requested further briefing on whether remand for the payment of benefits was an appropriate remedy. ECF 18. After both parties provided supplemental briefing, ECF 19, 20, Judge Mosman issued an Opinion and Order on April 30, 2019, reversing the decision of the Commissioner and remanding the case for further proceedings, ECF 21. On July 2, 2019, Plaintiff filed the current motion for fees, costs, and expenses. ECF 23.

## STANDARDS

The EAJA authorizes payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In social security appeals brought under 42 U.S.C. § 405(g), a

PAGE 2 – OPINION AND ORDER

claimant is the "prevailing party" following a sentence-four remand for further administrative proceedings or the payment of benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993)). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores*, 49 F.3d at 567. Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *See Astrue v. Ratliff*, 560 U.S. 586, 596–98 (2010).

The baseline for an attorney's fee award is the hours reasonably worked multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). After the fee applicant has submitted evidence establishing entitlement to an award, the opposing party "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). Ultimately, the court has discretion to determine whether the request is reasonable. *See Sorenson v. Mink*, 239 F.3d 1140, 1145–46 (9th Cir. 2001). However, the Ninth Circuit has cautioned that district courts may not reduce the fees requested in social security cases without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1135–37 (9th Cir. 2012) (per curiam). In a social security case, relevant factors in this analysis include the complexity of the legal issues, the procedural history, and the size of the record. *Id.* at 1136.

In determining what fees are reasonable, the court also considers the results that the party obtained. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). When a plaintiff succeeds on only some claims raised in the underlying lawsuit, *Hensley v. Eckerhart* sets out a two-step inquiry to analyze the reasonableness of the fees requested. 461 U.S. at 434; *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–63 (1990) (holding that this inquiry applies to attorney's fees under the

EAJA). The first step is to consider whether the claims on which plaintiff did not prevail were unrelated to the claims on which the plaintiff succeeded. *Hensley*, 461 U.S. at 434. Hours expended on unrelated, unsuccessful claims are excluded from a reasonable fee award. *Id.* at 440. Claims "may be related if either the facts *or* the legal theories are the same." *Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003). Unrelated claims are "distinctly different claims for relief that are based on different facts and legal theories" and "distinct in all respects from [the] successful claims." *Hensley*, 461 U.S. at 434, 440.

The second step of the *Hensley* analysis is to consider whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* at 434. The court must determine whether the plaintiff achieved "substantial relief" as opposed to "limited success." *See id.* at 440. "[A] plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id.* If, however, the plaintiff achieved only "limited success," then the court must compare the relief obtained "to the scope of the litigation as a whole" and "award only that amount of fees that is reasonable in relation to the results obtained." *Id.* There is no mathematical formula for making these determinations, and it is left to the district court's discretion, exercised in line with these considerations. *Id.* at 436–37.

## DISCUSSION

Plaintiff seeks an award of $14,920.42 in attorney's fees, $9.00 in postage expenses, and $6.00 in photocopying costs. ECF 23. Plaintiff has discounted this fee request relative to the hours spent on the litigation. *See* ECF 24 at 3–4, ¶ 7. Defendant agrees that Plaintiff, as the prevailing party, is entitled to an award of attorney's fees under the EAJA because the Commissioner's position was not substantially justified. ECF 25. Defendant does not challenge Plaintiff's hourly rate, the $9.00 in expenses, or the $6.00 in costs. *Id.* However, Defendant

PAGE 4 – OPINION AND ORDER

argues that the requested attorney's fees, representing a total of 74.01 hours, are unreasonable and should be reduced for (1) time spent on the opening brief and (2) time spent on the reply brief. *Id.* The Court addresses these arguments in turn.

First, Defendant argues that Plaintiff's fee request for 57.6 hours spent on the opening brief is unreasonable "because it is too far outside the normal range of hours requested for preparing an opening brief." ECF 25 at 3. Citing opinions from this district and the Western District of Washington, both of which surveyed fees awarded in other social security cases, Defendant argues that Plaintiff should receive attorney's fees for only 40 hours of work on the opening brief because that time is near the "maximum of 40.35 hours" awarded in other cases. *Id.* at 8. Defendant contends that the Ninth Circuit has approved of this kind of comparative analysis as well as the notion that a request beyond 40 hours is not reasonable. *See id.* at 5 (citing *Costa*, 690 F.3d at 1136).

*Costa* does not support Defendant's argument. Although the Ninth Circuit recognized that district courts may consider the fees awarded in other cases, the court did not suggest that the comparison would be very helpful. *See Costa*, 690 F.3d at 1136. In the panel's words, "we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court." *Id.* Rather, the court held that if the district court finds the fee request unreasonable, it should identify factors particular to the individual case in order to justify a reduction. *Id.*

Defendant also maintains that the size of the record, the legal issues, and the facts and medical evidence in this case do not justify Plaintiff's time spent on the opening brief. ECF 25 at 8–10. As articulated, however, Defendant's arguments again compare this matter to other social security cases. *See id.* The Ninth Circuit deemed this kind of analysis questionable in

*Costa*, and this Court does not find it persuasive here. *See Costa,* 690 F.3d at 1136. Defendant concedes that "some of Plaintiff's impairments are not common impairments considered in Social Security litigation." ECF 25 at 10. Furthermore, Defendant does not object to the hours spent on any particular task that Plaintiff's counsel attributed to the opening brief. *See id.* at 8–10; ECF 24-1. After reviewing this record, and following the Ninth Circuit's instruction that "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008), this Court finds the fees requested for the opening brief to be reasonable.

Second, Defendant argues that Plaintiff's fee request for 4.85 hours spent on the reply brief is unreasonable "because Plaintiff's position on the outright award of benefits was unsuccessful." ECF 25 at 3. Defendant contends that because Plaintiff rejected the Commissioner's offer to remand for further proceedings and did not prevail in seeking a remand for payment of benefits, the attorney's fees requested for time spent on this argument are unreasonable. *Id.* at 10–11 (citing *Hensley*, 461 U.S. at 436). This Court agrees.

Under the two-step *Hensley* analysis, the court must first determine whether the claims deemed unsuccessful are related or unrelated to those on which the plaintiff succeeded. *Hensley*, 461 U.S. at 434. The Ninth Circuit has held that multiple "claims" in a social security appeal are both legally and factually related. *Blair v. Colvin*, 619 F. App'x 583, 585 (9th Cir. 2015). Thus, there are no unrelated, unsuccessful claims to exclude from the fee award in this case. *See id.*

The second step of *Hensley* requires assessing whether the plaintiff's overall success "makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. Plaintiff's success here, in the form of a remand for further proceedings, was limited: she did not achieve a remand for immediate payment of benefits. ECF 21. Other judges

in this district have declined to award attorney's fees for time spent on a reply brief unsuccessfully opposing the Commissioner's request for remand. *See, e.g.*, *Carr v. Colvin*, No. 6:13-cv-00521-PK, 2014 WL 7447739, at *4 (D. Or. Dec. 29, 2014). In *Carr*, the court observed that because the claimant's "refusal to accept the Commissioner's request for remand and the results from subsequent disputed work did not accomplish any substantial advancement in his position, time spent opposing the [r]equest was not reasonably expended." *Id.* Similarly, Plaintiff here did not further her position by rejecting Defendant's offer to remand for further proceedings. Judge Mosman ultimately remanded the case on the same grounds that Defendant proposed in its request to remand. *Compare* ECF 16 at 4 (conditions of remand proposed in Defendant's brief) *with* ECF 21 at 5–6 (conditions in Judge Mosman's Opinion and Order). Thus, this Court finds the time requested for the Reply unreasonable and reduces the award by $977.76. ECF 24-1 at 4.

## CONCLUSION

Plaintiff's Motion for Fees, Costs, and Expenses, ECF 23, is GRANTED IN PART. Plaintiff is awarded $13,942.66 in attorney's fees, $9.00 in postage expenses, and $6.00 in photocopying costs. EAJA awards are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*. *See* 560 U.S. at 593–94. Plaintiff has filed evidence of her assignment of EAJA fees to counsel. ECF 24. If Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall make the check payable to Plaintiff's attorney, Nancy J. Meserow, and mail the check to the attorney's address.

**IT IS SO ORDERED**.

DATED this 1st day of October, 2019.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 7 – OPINION AND ORDER